UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MYNOR FREDERICO NUNEZ BALTAZAR,                :
                                                                                 :
                                            Plaintiff,               :
                                                                                 :                     **MEMORANDUM & ORDER**
             -against-                                                    :
                                                                                 :                     **14-CV-3543 (ENV) (LB)**
                                                                                 :
THE EARTH CENTER OF MAANU, INC.;              :
NEKHITEM KAMENTHU, in his official and      :
personal capacity,                                               :
                                                                                 :
                                            Defendants.        :
-------------------------------------------------------------------x
VITALIANO, D.J.

On June 4, 2014, <u>pro se</u> plaintiff Mynor Federico Nunez Baltazar filed this action against defendants The Earth Center of Maanu, Inc. ("Earth Center") and Nekhitem Kamenthu, alleging various "common law torts" and seeking compensatory and punitive damages. Compl. at 1. The Court grants Baltazar's collateral application, pursuant to 28 U.S.C. § 1915, to proceed <u>in forma pauperis</u>. For the reasons discussed below, plaintiff is granted 30 days to file an amended complaint.

## Background

Plaintiff states that he was a student at the Earth Center, a "M'TAM school," located in Brooklyn.[1] Compl. at 1. Baltazar alleges that he began classes in April 2013, but that his education was interrupted because defendants "demand[ed] that

---

[1] Plaintiff does not provide any information about the subject matter or type of classes offered by defendants.

1

Baltazar not record the lectures," "refused to grant Baltazar a Tribunal," and "refus[ed] to accept and process payment for a Spiritual Offering." Id. at 2–3. After an extended delay in his studies, allegedly caused by misinformation from defendants, on April 12, 2014, plaintiff was able to rejoin classes at the school. Then, he claims, he was "kicked out of class for no apparent reason" on April 26, 2014. Id. at 3. Baltazar brings this action alleging "Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Theft by Conversion, Civil Assault, and Intentional Infliction of Emotional Distress" because "the collective actions of Defendants threatens the Divine Order of the M'TAM School, . . . and continues to impose substantial injuries and damages to Baltazar." Id. at 1–2.

## Legal Standards

"[N]ot every action has a home in federal court." Cadet v. ADP, No. 11–CV–3240, 2011 WL 4072307, at *1 (E.D.N.Y. Sept.13, 2011). In order to invoke a federal court's limited jurisdiction, a plaintiff must either plead a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or show that the action is between citizens of different states for an amount exceeding $75,000, 28 U.S.C. § 1332. See also Cadet, No. 11–CV–3240, 2011 WL 4072307, at *1. It is a plaintiff's burden to plead and prove subject matter jurisdiction. Standard Chartered Bank Malaysia Holdings v. Lehman Bros. Asia Holdings Ltd., No. 08-CV-8152, 2008 WL 4355355, at *1 (S.D.N.Y. Sept. 22, 2008); Sty–Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (citing Universal Reinsurance Co. v. St. Paul Fire and Marine Ins. Co., 224 F.3d 139, 140 (2d Cir.

2

2000)). "[F]ailure to plead facts which bring an action within a court's jurisdiction warrants dismissal of the action," Argo Trades S.A. v. Petkim Petrochemicals Trading FZE, No. 09-CV-171, 2009 WL 90340, at *1 (S.D.N.Y. Jan. 14, 2009).

As plaintiff is proceeding pro se, the Court holds his complaint to a less stringent standard than one drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and it must be construed liberally and interpreted "to raise the strongest claims that [it] suggest[s]." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nonetheless, even a pro se plaintiff must establish that a federal court has subject matter jurisdiction to hear the case. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999).

## Discussion

Balthazar contends that the Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. However, it is not at all clear that diversity jurisdiction exists in this case. Given that the individual defendant works at a school in Brooklyn, the opposite conclusion seems more likely. But, assuming, arguendo, that the citizenship of each defendant is different from that of plaintiff, Baltazar has not satisfied the amount-in-controversy requirement. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). Moreover, "with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do

not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" Id. (citation and internal quotation marks omitted) (alterations in original).

Here, for each of the five causes of action he alleges, Baltazar seeks $100,000 in compensatory damages and $100,000 in punitive damages. This amounts to $1 million, well above the threshold amount-in-controversy requirement of $75,000. See 28 U.S.C. § 1332(a)(1). Nonetheless, the amount-in-controversy must be non-speculative in order to satisfy the statute. Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996). Plaintiff alleges that he contracted with Earth Center to take an unspecified number of courses for an unstated sum. He maintains that defendants allowed him to apply the fees from his 2013 contract towards his 2014 classes, but he does not specify, anywhere in his complaint, the amount he paid to defendants, or the cost of classes at the school. Plaintiff has simply not met his burden that his claims exceed the statutory jurisdictional amount. Id.

Still, "before determining that the amount in controversy requirement has not been met, [a district] court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." Id. (internal quotation marks omitted). Accordingly, rather than dismissing Baltazar's claims, the Court gives him 30 days to submit an amended complaint, specifying the amount of his claims, the state of

4

**incorporation and principal place of business of the Earth Center, and the citizenship of the individual defendant. If plaintiff merely believes defendants are not citizens of New York, he must state the reasonable basis for that belief as to each defendant.**

## Conclusion

**For the reasons explained above, the Court finds that it may lack subject matter jurisdiction over plaintiff's complaint. Therefore, plaintiff is directed to file an amended complaint, within 30 days from the entry of this Order on the docket, to demonstrate that a good faith basis exists for satisfying the diversity of citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.**

**All further proceedings shall be stayed until the time to file an amended complaint has passed, or an amended complaint is filed, whichever occurs first. If plaintiff fails to file an amended complaint in a timely fashion, judgment dismissing this action without prejudice to its refiling in a state court of appropriate jurisdiction shall be entered.**

**The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).**

**SO ORDERED.**

**Dated: Brooklyn, New York
　　　July 4, 2014**

　　　　　　　　　　　　　　　　　　　　　　　　　**/s/ENV**
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**ERIC N. VITALIANO
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge**